though of probative value, cannot substitute for proof and that probabilities are not enough to convict.

It is true that the evidence against the defendants is mostly circumstantial, but the law makes no distinction between direct and circumstantial evidence which have the same legal weight and effect. (*People v. Robinson*, 14 Ill.2d 325, 331.) It has been held many times that circumstantial evidence which produces a reasonable and moral certainty that the accused committed the crime is sufficient to justify a conviction. (*People v. Schulewitz*, 87 Ill.App.2d 331, 337.) The principle is well settled that the guilt of defendant may be established entirely by circumstantial evidence and it is " '* * * necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. * * *'." (*People v. Marino*, 44 Ill.2d 562.) Application of these principles to the instant case leads convincingly to the conclusion that guilt has been proven beyond reasonable doubt.

The judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

SCOTT, P. J., and STOUDER, J., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Henry A. Craven, Defendant-Appellant.

(No. 72-221;

Third District—April 18, 1974.

PER CURIAM.

James Geis, Deputy Defender, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.